IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **HEATHER HOGROBROOKS HARRIS** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No. 2:25-cv-2157-JTF-tmp |
| **WELLS FARGO BANK, N.A., and** ) | |
| **WILSON & ASSOCIATES, P.L.L.C,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; ORDER TO SHOW CAUSE**

Before the Court are two motions. First is Defendant Wells Fargo, N.A.'s ("Wells Fargo") Motion to Dismiss, filed on February 18, 2025. (ECF No. 7.) *Pro se* plaintiff Heather Hogrobrooks Harris responded on February 28, 2025, and Wells Fargo filed its Reply on March 13, 2025. (ECF Nos. 8 & 10.) Second is Codefendant Wilson & Associates, P.L.L.C.'s ("Wilson") Motion to Dismiss, filed on March 11, 2025. (ECF No. 9.)

For the reasons set forth below, Defendants' motions are **GRANTED**. Harris's request that the undersigned recuse himself is **DENIED**. Harris is **ORDERED TO SHOW CAUSE** why the Court should not impose a pre-filing restriction.

**I.  BACKGROUND**

This case presents a factual and procedural scenario that is now commonplace in this Court. In short, a homeowner defaults on her mortgage payments and the bank commences foreclosure proceedings. *See, e.g., Muhammad v. Wilmington Sav. Fund Soc'y FSB*, No. 223CV02389JTFATC, 2023 WL 8705414, at *4 (W.D. Tenn. Dec. 15, 2023). To delay the inevitable, the allegedly

1

aggrieved homeowner commences suit, arguing that a variety of procedural defects or factual oddities in the foreclosure process require the Court's intervention. The bank prevails in the district court, and the decision is affirmed on appeal. Undeterred, the homeowner brings another suit with essentially the same claims, and the district court dismisses the case upon finding that the claims are barred by res judicata. That decision is also affirmed on appeal. The homeowner refuses to accept the ineluctable conclusion that the litigation has come to an end. Hence, she brings the same suit a third time, albeit, usually in a different court.

True to form, Harris has brought and lost the instant case on appeal twice now. *See Harris v. Wells Fargo Bank, N.A.*, No. 2:18-CV-2400-JPM-DKV, 2019 WL 2319529 (W.D. Tenn. May 31, 2019), *aff'd sub nom. Hogrobrooks v. Wells Fargo Bank, N.A.*, No. 19-5609, 2020 WL 7231501 (6th Cir. June 9, 2020) ("*Harris I*"); *Harris v. Wells Fargo Bank*, No. 221CV02558JTFTMP, 2022 WL 4235065 (W.D. Tenn. Sept. 14, 2022), *aff'd sub nom. Harris v. Wells Fargo Bank, N.A.*, No. 22-5911, 2023 WL 7103218 (6th Cir. July 25, 2023) ("*Harris II*"). Make no mistake, Harris's third bite at the apple, as addressed below, suffers the same fate. And, as a former attorney who was barred in the state of Arkansas, she should expect the same result.[1] *See Harris v. Ally Fin., Inc.*, No. 215CV02501JPMDKV, 2015 WL 7588263, at *2 (W.D. Tenn. Nov. 25, 2015) (finding that Harris was formerly a licensed attorney in Arkansas and should not be considered an ordinary *pro se* plaintiff).

---

[1] *See Deere v. State,* 59 Ark. App. 174, 954 S.W.2d 943, 946 (1997) (Griffen, J. concurring) (collecting cases) ("One wonders how many trusting litigants must be victimized by [Harris's] combative incompetence, and how long our disciplinary system will leave them at her whim"); *see also In re: Heather Patrice Hogrobrooks*, Arkansas Bar No. 92029 CPC Docket No. 98-107 (suspending Harris's license to practice law for one year). *Hogrobrooks v. Supreme Ct. of Arkansas' Comm. on Pro. Conduct*, 546 U.S. 1082 (2005) (denying petition for rehearing of petition for writ of certiorari to the Court of Appeals for the Eighth Circuit regarding its affirmance of the district court's dismissal of Harris's lawsuit alleging that the Arkansas Supreme Court Committee on Professional Conduct violated her rights in a subsequent proceeding suspending her license to practice law for six months); *Ligon, Director v. Hogrobrooks*, 2014 Ark. 317 (disbarring Harris).

Defendants seek dismissal on the ground that Harris's claims are barred by res judicata. The Court agrees. Before reaching that issue, the Court summarizes Harris's two prior cases.

A.  *Harris I*

Harris commenced *Harris I* against Wells Fargo in June 2018, raising claims pertaining to her attempts to assume her late husband's mortgage and to obtain a mortgage modification. 2020 WL 7231501, at *1. She alleged that she made payments on the mortgage after her husband's death until she ran out of money in June 2015, and then received a notice of foreclosure in October 2015. *Id.* Harris submitted a Home Affordable Modification Program application to Wells Fargo but received another notice of foreclosure in December 2015. *Id.* She alleged that a representative of Wells Fargo told her that, she would need to probate her husband's will and receive a testamentary letter confirming that she inherited the property to assume the mortgage and modify it. *Id.* The probate court refused to admit the will to probate. *Id.* Harris ultimately filed for bankruptcy. *Id.* She then began a trial reduced-payment plan for the mortgage from May 2017 to February 2018, but Wells Fargo ultimately informed her that she could not assume the loan until the probate matter was closed. *Id.* The probate court's decision was later reversed, and her husband's will was admitted into probate. *Id.* (citing *In re Harris*, No. PR-5044 (Shelby Cty. Probate Ct. Sept. 6, 2019)).

Harris claimed that Wells Fargo:

"violated 42 U.S.C. § 1985(3) by causing the county sheriff to place her residence for sale, coercing her to take actions in state court in an attempt to save her home, denying her the proper application of federal and state regulations and public-policy edicts meant to protect her against the loss of her home, and denying her mortgage modification and assumption attempts; (2) violated 42 U.S.C. § 1981 by refusing, without reason, to allow her to assume her late husband's mortgage and to modify it; (3) violated 42 U.S.C. § 1982 by refusing to honor the documents that she presented in support of her inheritance of the property; (4) breached its promise to permanently modify the mortgage after she made trial payments on the mortgage; (5) did not honor its promise to modify the mortgage if she probated her husband's will, which she relied on to her detriment; (6) made fraudulent representations

3

by leading her to believe that her husband's mortgage was assumable and then informing her that it was not; and (7) violated the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, et seq."

*Id.* She attempted to amend the complaint after the deadline to add claims of violations of the Fair Housing Act, intentional infliction of emotional distress, malicious prosecution and abuse of process, but the district court denied leave. *Id.* Wells Fargo moved for judgment on the pleadings, and a magistrate judge recommended that the motion be granted or that the complaint be dismissed *sua sponte* for lack of standing. *Id.* Over Harris's objections, another judge in this district adopted the magistrate judge's report and recommendation in part, finding that the breach-of-contract claim should be dismissed with prejudice for failing to state a claim and that her remaining claims should be dismissed for want of jurisdiction. *Id.* The Sixth Circuit affirmed the district court's decision on the alternative ground that her §§ 1981, 1982, and 1985(3) and breach-of-contract claims failed to state a claim. *Id.* at *2-3.

### B.   *Harris II*

Harris brought *Harris II* in 2021, asserting the same claims from *Harris I* against Wells Fargo and debt collector Wilson & Associates, and adding state-law claims for intentional infliction of emotional distress and "Misuse, Abuse, Malicious Prosecution."[2] 2023 WL 7103218, at *2. Wells Fargo filed a motion to dismiss, and the Court adopted the magistrate judge's recommendation that Harris's §§ 1981, 1982, and 1985(3) and breach-of-contract claims be dismissed because they were barred by res judicata since they had been raised previously and rejected on the merits, and that the remaining state-law claims be dismissed because they either were untimely, failed to state a claim, or both. *Id.* The Sixth Circuit affirmed the Court's decision in full. *Id.* at *3-4.

---

[2] Harris also moved to disqualify the undersigned. *Id.* The Court denied the motion as untimely and meritless. *Id.* The Sixth Circuit held that the Court did not abuse its discretion in doing so. *Id.*

4

### C.  *Harris III*

Harris filed her latest complaint ("*Harris III*") in state court on December 23, 2024. (ECF No. 1-2.) She alleges that Defendants violated her rights under §§ 1982 and 1985(3) by failing to recognize her interest in the property and by filing deceptive notices to her home. (*Id.* at 7-8.) Harris also raises a handful of other grievances but does not identify what legal right is at issue. (*Id.*) Defendants filed a notice of removal on February 12, 2025. (ECF No. 1.)

Wells Fargo argues that dismissal is warranted either because Harris's claims are barred by res judicata, or, in the alternative, are inadequately pleaded. (ECF No. 7-1, 6.) Wilson adopted Wells Fargo's motion, memorandum of law, and arguments by reference and did not raise any other arguments in its Motion. (ECF No. 9, 1.) In response, Harris does not dispute that *Harris III* presents the same allegations that the undersigned, another judge in this district court, and two panels of the Sixth Circuit have already addressed. (*See generally* ECF No. 8.) Nevertheless, she urges that no court has assessed the merits of her claims, and again demands that the undersigned recuse himself. (*Id.* at 6.)

## II.  ANALYSIS

### A. Res Judicata

Res judicata provides that a final judgment on the merits of an action bars the "parties or their privies from relitigating issues that were or could have been raised" in a prior action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (quoting *Federated Dep't Stores, Inc. v Moitie*, 452 U.S. 394, 398 (1981)). Res judicata bars a second lawsuit when "(1) the first lawsuit ends in a final judgment on the merits, (2) both suits involve the same parties or their privies, (3) an issue in the second suit should have been raised in the first, and (4) both suits ar[o]se from the same transaction." *Chapman v. JPMorgan Chase Bank, N.A.*, 651 F. App'x 508, 510 (6th Cir. 2016)

(quoting *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015)) (internal quotation marks omitted).

Here, the only dispute is whether the prior lawsuit, *Harris I*, ended in a final judgment on the merits. Harris contends that it did not because it was dismissed for lack of standing. (ECF No. 8, 1 & 6.) This is yet another argument that Harris has raised, and the Court and the Sixth Circuit have addressed in prior proceedings. *See* 2023 WL 7103218, at *2-3. In *Harris II*, the Sixth Circuit pointed out that in *Harris I* it "ultimately affirmed the district court's prior decision on the alternative grounds that [Harris's] §§ 1981, 1982, and 1985(3) and breach-of-contract claims failed to state a claim, [] which is the operative reasoning for res judicata purposes." *Id.* at *3. Here, as was the case there, "Harris does not otherwise attempt to challenge the application of res judicata, and there is no basis on which to do so; the remaining elements were satisfied because the claims and parties are the same." *Id.*

The claims in *Harris III*, like the claims in *Harris II*, are barred by res judicata. Hence, the Court **GRANTS** both motions to dismiss.

**B. Request for Recusal**

Harris once again requests that the undersigned recuse himself based on his prior dismissal of *Harris II*, because doing so purportedly demonstrates his lack of "curiosity in finding the truth." (ECF No. 8, 6.) "To warrant recusal under § 144, an affidavit must 'allege[ ] facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party.'" *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001) (alteration in original) (quoting *Gen. Aviation, Inc. v. Cessna Aircraft, Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990)); *see also* 28 U.S.C. § 455(b)(1) (noting that a judge should disqualify himself where he has personal bias against a party). The Court does not have a personal bias against Harris. The Court dismissed

*Harris II* before assessing the merits of her claims because those claims were barred by res judicata. *See* 2023 WL 7103218, at *2. *See also Harris v. Wells Fargo Bank*, No. 221CV02558JTFTMP. (ECF No. 17.) The Sixth Circuit agreed. *Id*. at 3.

Finding no basis for recusal, the Court **DENIES** Harris's request.

### III.   ORDER TO SHOW CAUSE

As explained above, Harris has now brought the same case three times. She did not even try to explain why she was bringing this same case again after the Sixth Circuit explained that these same claims were barred by res judicata.

Regardless of whether a *pro se* litigant pays the requisite fee or files in forma pauperis, if a party repeatedly files frivolous or malicious lawsuits, the Court, acting pursuant to its inherent power to control its docket, may deem them to be a vexatious litigant, and impose pre-filing restrictions to reduce the burden that such litigation places on judicial resources. *See Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir. 2000) (citing *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998)).

Rule 11 of the Federal Rules of Civil Procedure also exists as a check on the filing of even a single frivolous lawsuit. Rule 11(b) applies to *pro se* litigants and attorneys alike, and states that by filing a pleading, the party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery....

7

*Id.* When a *pro se* litigant fails to comply with Rule 11, a court "may impose an appropriate sanction." Rule 11(c). Under Rule 11(c)(3), a court may impose sanctions on its own initiative, after directing the party "to show cause why conduct specifically described in the order has not violated Rule 11(b).

Here the Court finds that this case appears to violate Rule 11(b)(1) and (b)(2). There was no legitimate basis for having brought this case again. It is frivolous, in violation of Rule 11(b)(2). Also, Wells Fargo suggests that Harris brought this case after its most recent notice of foreclosure to stymie its attempts to exercise its rights with respect to the mortgage. (ECF No. 7-1, 2.) Bringing a baseless suit for no purpose but to delay the lawful activities of another constitutes an improper purpose. Rule 11(b)(1).

Following its review of Harris's cases, the Court finds that it must act to prevent Harris from continuing to thwart Wells Fargo and Wilson through her repetitive, meritless and vexatious litigation practices. Specifically, the Court intends to bar Harris from filing any new *pro se* actions in this district court without a certificate from a magistrate judge or an attorney who is a member of the bar of this court that the claims asserted therein are not frivolous, and that the suit is not brought for an improper purpose. Such relief is not unheard of in the Sixth Circuit. *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1992); *Sawchyn v. Parma Municipal Court*, 114 F.3d 1188 (6th Cir. 1997) (Table, text available at 1997 WL 321112, requiring prefiling certification by attorney); *May v. Guckenberger*, 2001 WL 1842462, *6 (S.D. Ohio 2001) (requiring prefiling certification by attorney or a magistrate judge).

Because the Court is raising the possibility of imposing a pre-filing restriction *sua sponte*, it would like to hear from Harris before doing so. The Court **ORDERS** Harris to **SHOW CAUSE** why the Court should not impose a pre-filing restriction on her consistent with the terms outlined

8

above. Within 14 days of this Order's entry, Harris shall file a brief **NOT EXCEEDING 10 PAGES** responsive to that question. Should Harris fail to file a response, the Court will construe her non-response as a concession. Until the Court makes its determination on this matter, it will not file a judgment in this case or accept any new substantive motions from the parties.

### IV.   CONCLUSION

Consistent with the foregoing, Defendants' motions to dismiss are **GRANTED**, Harris's request that the undersigned recuse himself is **DENIED**, and this case is **DISMISSED WITH PREJUDICE.** Harris is **ORDERED TO SHOW CAUSE** within 14 days of this Order's entry why the Court should not impose a pre-filing restriction.

**IT IS SO ORDERED**, this 5th day of May 2025.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE